The **PHOENIX INSURANCE COMPANY, Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY and Larry Evans Rice, Defendants.**

**Civ. No. 2923.**

United States District Court,
D. Montana,
Great Falls Division.

Jan. 5, 1972.

Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for plaintiff.

Cure & Borer, Great Falls, Mont., for defendants.

### OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

This case involves a dispute between insurance companies as to policy coverages. It is agreed that Torske Rambler Sales and Service, Inc. (Torske), the owner of a new 1967 Rambler automobile, permitted Larry Evans Rice (Rice), a prospective purchaser, to try it out. While using the car within the limits of his permission Rice had an accident as a result of which Nina Moser was killed.

Her heirs sued Rice for damages. A judgment adverse to the Moser heirs is now final. There remains a dispute as to the liability for the costs of defending the damage action.

Rice owned a 1963 Rambler automobile which was insured by Nationwide Mutual Insurance Company (Nationwide). The policy covered Rice while he was driving other cars, but the policy provided that " . . . any insurance afforded for the use of other land motor vehicles shall be excess over any other collectible insurance against such loss. . . ."

Torske was insured by the Phoenix Insurance Company (Phoenix) under a policy which extended coverage to Rice as another person unless, as Phoenix claims, there was a limiting endorsement on the Torske policy reading as follows:

> (3) With respect to an automobile to which the insurance applies under paragraph (a) of the Automobile Hazard, any of the following persons while using such automobile with the permission of the named insured, provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission:
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (b) any other person, but only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person.

Nationwide contends that there was no proof of this endorsement.

■ There is positive evidence to the effect that the limiting endorsement was a part of the policy and that the premium charged by reason of a discount given reflected that endorsement. The terms of the endorsement were shown by a photograph of the "daily" kept by the general agent. A blank on the face sheet of the policy which should have shown the existence of the endorsement was not completed, but reviewing the evidence as a whole I cannot believe that the witnesses who testified to the existence of the endorsement either falsified their testimony or the "daily" which had the copy of the endorsement attached to it. I find that the endorsement shown on the "daily" was a part of the policy.

During the investigation of the Moser claim a claims adjuster made a photograph of a "daily" in the hands of the general agent and the proof of the contents of the exclusion clause is dependent upon the reception of that photograph. A best evidence problem is presented.

The original policy was prepared and delivered to Torske. At the same time four copies of the face sheet were made and four copies of all endorsements were made and attached to the face sheets. These copies were all carbons of the equivalent portions of the original policy, and together they formed the "dailies," one copy of which was held by the local agent, one by the general agent, and two by the Phoenix home office. Torske could not find the original policy and the proof of the loss was in my opinion sufficient to warrant the use of secondary evidence.

■ Assuming for the purposes of this opinion that there are degrees of secondary evidence and that it was necessary to account for the failure to produce any one of the four "dailies," I find that the loss or excusable destruction of the "dailies" was sufficiently shown and that the photograph showing the endorsement should be admitted.

■ I start with the proposition that unless a policy is certified as proof of financial responsibility under R.C.M.1947 § 53–438 there is no requirement in Montana that an automobile liability policy contain an omnibus clause (Lewis v. Mid-Century Insurance Co., 152 Mont. 328, 449 P.2d 679 (1969)) and absent such a requirement there is no reason why a company may not define the in-

sured in an omnibus clause in such a manner as it sees fit.

As to interpretation: I think the Nationwide policy is liable. It provided primary coverage to Rice when he was driving other vehicles unless there was "other collectible insurance" and if there was, then it provided excess coverage. The Phoenix policy insured Rice only if there was " . . . no other valid and collectible . . . insurance, either primary or excess, . . . available to . . . ." him. Certainly excess [1] insurance was available to Rice under his Nationwide policy, and if it was, then by definition he was not insured under the Phoenix policy. By writing Torske's policy as it did Phoenix perhaps thwarted Nationwide's intent to throw the liability elsewhere, and although Nationwide could make its liability contingent upon the lack of other insurance it could not control the terms of policies that other companies might issue.

There is a division of opinion among the courts which have considered this problem. The cases are collected in Hardware Dealers Mutual Fire Insurance Co. v. Farmers Insurance Exchange, 444 S.W.2d 583 (Tex.1969), which prorated the loss between the companies. I am impressed with much of what is said in that case and I would prefer to reach the result which it reaches. I think this is an example of what was there referred to as "the continuing battle of draftsmanship" and I think that battle should be discouraged. I cannot, however, quite turn the corner which the Texas court had to turn to reach the result it did because I cannot find a conflict in these policies and I cannot agree that the result reached is dependent upon which policy is read first. Unless there is other collectible insurance Nationwide is liable. If there were no Phoenix policy there would be no "other collectible insurance," and if

there were a Phoenix policy with no omnibus clause there would still be no "other collectible insurance." I cannot see that it matters whether the lack of "other collectible insurance" is caused by a restrictive omnibus clause rather than the lack of one.

Plaintiff shall prepare a judgment as provided by Rule 14(b) of the rules of this court.

---

1. Many of the courts reaching the conclusion which I reach have placed emphasis on the use of the word "excess" in the language limiting the omnibus coverage.